**Mark Anthony MANZELLA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 86626.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 12, 2006.

Application for Transfer to Supreme Court Denied Oct. 24, 2006.

Application for Transfer Denied Jan. 30, 2007.

John William Simon, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J., LAWRENCE E. MOONEY, J., and KENNETH M. ROMINES, J.

**ORDER**

PER CURIAM.

Appellant Mark Anthony Manzella ("Manzella") appeals from the decision of the Circuit Court of St. Louis County, the Honorable Melvyn W. Wiesman presiding, after the court denied Manzella's motion, pursuant to Rule 29.15, for post-conviction relief, following an evidentiary hearing and the motion court's thoughtful and thorough 18–page judgment and order in response to Manzella's thirty-one points of error. Manzella had previously been convicted of First Degree Murder and Armed Criminal Action and was sentenced to life in prison, without the possibility of parole, for the Murder charge and 25 years for the Armed Criminal Action charge.

In his motion, Manzella argued, *inter alia,* that he did not receive the effective assistance of trial counsel, and further, that the State violated his Due Process rights by returning the victim's car to the victim's wife before giving him the opportunity to have it searched for forensic evidence. Before this Court, however, Manzella brings only three points of error. Thus, our order is considerably shorter than that of the trial court.

We have thoroughly reviewed the record and the briefs of the parties, and no error of law appears.[1] Therefore, an opinion would have no precedential value. The

---

1. We note that counsel for Manzella was granted leave to exceed the word limit in his appellate brief by 5,000 words, and regaled this Court with a 125–page brief, including 89 pages of argument for his three points of error. We note this fact simply to offer the observation that Manzella's brief would have been much more effective had it been concise.

judgment is affirmed pursuant to Rule 84.16(b).